IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRITTANY MATHIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-207-SLP |
| | ) | |
| STANDARD FIRE INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court are three related motions. First, Plaintiff filed a Motion to Defer Consideration of Defendant's Motion for Summary Judgment Under Rule 56(d) and Rule 37 [Doc. No. 33], to which Defendant has responded [Doc. No. 23], and Plaintiff replied [Doc. No. 34]. For the reasons set forth below, the Motion is GRANTED IN PART and DENIED IN PART.

Second, Plaintiff filed a Motion to Compel [Doc. No. 32], which is noncompliant with the Local Rules of Procedure and is therefore DENIED.

Finally, Plaintiff filed an Unopposed Motion to Extend All Deadlines and Continue Trial [Doc. No. 35] by a period of four months which is GRANTED IN PART and DENIED IN PART.

**I.     Background**

Before addressing the pending motions, a brief recitation of recent events is necessary. This case is currently set on the March 2026 trial docket. Defendant's Motion

for Summary Judgment is pending, and Defendant has submitted pretrial filings including jury instructions and motions in limine. Aside from the Joint Pretrial Report, Plaintiff has submitted no pretrial filings and the deadline to do so has passed.

This case arises out of an automobile accident and a subsequent small claims action filed against Plaintiff for property damage. Plaintiff alleges Defendant, her automobile insurer, failed to timely defend her in the underlying small claims matter, resulting in an undefended judgment. She asserts claims for breach of contract, breach of the duty of good faith and fair dealing, and constructive fraud. *See* [Doc. No. 1-2]. Defendant disputes liability in this action and contends it did not receive timely notice sufficient to trigger any duty to defend before judgment was entered.

Discovery in this case was open for approximately ten months and closed on February 2, 2026. On May 22, 2025, Defendant served written responses to Plaintiff's discovery requests, asserting objections and indicating that certain materials would be produced pursuant to a protective order. [Doc. No. 33-2] at 9. Under the Court's original Scheduling Order, discovery was set to close on October 1, 2025. [Doc. No. 8]. In July 2025, the Court granted the parties' request to extend all scheduling deadlines by approximately four months, resulting in a new discovery deadline of February 2, 2026. [Doc. Nos. 11, 12]. During the discovery period, Plaintiff did not move to compel discovery or otherwise properly seek Court intervention regarding Defendant's discovery responses.

The record reflects relatively little activity by the parties during the pendency of this action aside from the agreed extension of scheduling deadlines. Yet, following the

2

dispositive-motion deadline and the discovery cutoff, there has been a burst of last-minute activity, asserting longstanding discovery deficiencies. Defendant timely filed its Motion for Summary Judgment on the dispositive motion deadline of January 2, 2026. In the weeks that followed, Plaintiff filed the following motions, nearly all at or beyond applicable deadlines:

- Motion to Defer Consideration of Summary Judgment (filed on January 21, 2026—two days before January 23, 2026 deadline);

- Motion to Quash Deposition of Plaintiff Brittany Mathis (filed on January 28, 2026 at 11:36 P.M.—for deposition scheduled less than twelve hours later);

- Motion to Compel Discovery (filed on February 4, 2026—two days after the close of discovery); and

- Motion to Extend Scheduling Order Deadlines and Continue Trial (filed on February 6, 2026—after discovery and pretrial deadlines have closed and only weeks away from trial).

Many of these filings fail to comply with basic procedural requirements, requiring repeated Court intervention. This includes the Court's Order striking Plaintiff's Motion to Quash the deposition of Plaintiff Brittany Mathis, which failed to certify that the parties had conferred in good faith as required by LCvR 37.1. *See* Order [Doc. No. 26]. The Court also struck Plaintiff's Motion to Defer, but permitted refiling, because Plaintiff's counsel failed to sign the Motion and his attached declaration, in violation of Rule 11 of the Federal Rules of Civil Procedure. *See* Order [Doc. No. 31].

The dispute central to Plaintiff's motions is the assertion that Defendant withheld discovery—most notably, the claim file—necessary for Plaintiff to respond to the summary judgment motion and proceed with the case. Conspicuously absent from Plaintiff's

briefing, however, is any explanation for why these alleged deficiencies were not pursued earlier through the ordinary discovery process, despite months of opportunity to do so.

Defendant's conduct, however, is not without fault. Defendant does not dispute that it failed to produce the claim file, which it apparently has since provided.[1] *See* [Doc. No. 23] at 4 n.1. This omission is particularly difficult to reconcile given that this action arises from an insurance coverage dispute. Defendant likewise does not dispute that it attached documents to its Motion for Summary Judgment that were not produced to Plaintiff during discovery. *See* [Doc. No. 23]. Defendant offers no explanation for either failure.

---

[1] Plaintiff appears to dispute Defendant's assertion that the claim file has been produced. The Motion to Compel attaches a sworn affidavit by Plaintiff Brittany Mathis dated February 3, 2026, which states:

> To my knowledge, Defendant has not produced the claim file or internal communications relating to my claim. Defendant has taken the position that it will not produce documents without a protective order, even though no protective order was proposed or entered.

Mathis Aff. [Doc No. 32-1] ¶ 8. Plaintiff's counsel, Mr. Blair Hollaway, also submitted an affidavit dated February 3, 2026, which states:

> To date, Defendant has produced virtually no substantive documents responsive to Plaintiff's Requests for Production, **including the claim file** and internal communications central to this case.

Hollaway Aff. [Doc. No. 32-5] ¶ 5. However, an Agreed Protective Order was entered on January 28, 2026, [Doc. No. 22], **and the Motion to Compel itself acknowledges that a claim file was produced**, albeit with redactions. [Doc. No. 32] at 3. Accordingly, the affidavits submitted to the Court contain materially inaccurate statements—ones that Plaintiff's counsel would have known were incorrect at the time the Motion to Compel was filed. Plaintiff's counsel is admonished that submitting sworn statements containing inaccurate representations to the Court raises serious concerns and treads perilously close to conduct governed by Rule 11(b) of the Federal Rules of Civil Procedure. Counsel is therefore warned that any future submissions that contain materially inaccurate factual representations may result in sanctions or other actions as the Court deems necessary.

Given the procedural posture of the case and the parties' respective conduct, the Court temporarily stayed Plaintiff's deadline to respond to Defendant's Motion for Summary Judgment and ordered expedited briefing. See Order [Doc. No. 20]. The pending motions are now before the Court for resolution.

II.     **Governing Standards**

### A. Motion to Defer Summary Judgment Ruling

Following a party moving for summary judgment, if a nonmovant, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, "shows by affidavit or declaration that . . . it cannot present facts essential to justify its opposition, the court may: (1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). "A party may not invoke Rule 56[d] 'by simply stating that discovery is incomplete but must state with specificity how the additional material will rebut the summary judgment motion.'" *Garcia v. U.S. Air Force*, 533 F.3d 1170, 1179 (10th Cir. 2008) (quoting *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1308 (10th Cir. 2007)).

The party seeking discovery and to defer a ruling on summary judgment under Rule 56(d) must provide an affidavit "explain[ing] why facts precluding summary judgment cannot be presented." *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (citation omitted). "This includes identifying (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain

5

those facts and rebut the motion for summary judgment." *Id.* (cleaned up and citations omitted). "Rule 56(d) motions [should] be robust, and . . . [an] affidavit's lack of specificity counsels against" granting the Rule 56(d) motion. *Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1206 (10th Cir. 2015) (citation and internal quotations omitted). "The purpose of the affidavit is to ensure that the nonmoving party is invoking the protections of Rule 56[(d)] in good faith and to afford the trial court the showing necessary to assess the merits of a party's opposition." *Id.* (citation omitted).

Further, a request for additional discovery under Rule 56(d) focuses on the moving party's diligence. *See Lewis v. City of Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990) (Rule 56(d) affidavits should be treated liberally "unless dilatory or lacking in merit."). "[I]f the party filing the Rule [56(d)] affidavit has been dilatory . . . no extension will be granted." *Jensen v. Redevelopment Agency of Sandy City,* 998 F.2d 1550, 1554 (10th Cir. 1993) (denying a 56(d) request where "the record reflect[ed] that plaintiffs were dilatory in pursuing discovery prior to the filing of their [56(d)] affidavit"). "Although discovery is the norm prior to granting summary judgment, a party's mere hope that discovery may yield further evidence is insufficient to defeat a summary judgment motion." *Trans-W. Petroleum, Inc. v. United States Gypsum Co.*, 830 F.3d 1171, 1175 (10th Cir. 2016).

### B. Motion to Compel

Civil litigants "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 37 provides the framework for enforcing discovery rules against a party. Upon certification that a movant has in good faith

conferred, or attempted to confer with the party failing to make disclosure or discovery responses, the Court may, upon party motion, enter an order compelling those disclosures and responses. *Id.*; *see also* LCvR 37.1 (requiring a certification that counsel engaged in a good faith attempt to resolve the issues).

### C. Motion to Amend Scheduling Order

The Federal Rules of Civil Procedure require "good cause" to modify a Scheduling Order. Fed. R. Civ. P. 16(b)(4). "Good cause" under Rule 16(b) "requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (alteration in original) (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). "Good cause" also "obligates the moving party to provide an adequate explanation for any delay." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019). The Court is "afforded broad discretion in managing the pretrial schedule." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

### III. Discussion

#### A. Motion to Defer Consideration

##### 1. Rule 56(d)

Plaintiff seeks relief under Rule 56(d) on the ground that Defendant allegedly withheld discovery necessary to oppose Defendant's Motion for Summary Judgment. Plaintiff's counsel's declaration identifies categories of discovery Plaintiff contends were unavailable due to Defendant wrongfully failing to produce, including Defendant's claim

file[2] and internal records.  Decl. [Doc. No. 33-1].  For purposes of this order, the Court assumes that Plaintiff's declaration sufficiently identifies the probable facts not available and asserts that Defendant has withheld materials relevant to Plaintiff's opposition to summary judgment.[3]  Even accepting those assertions, however, Plaintiff's showing does not satisfy the remaining requirements for relief under Rule 56(d).

Specifically, Plaintiff has not demonstrated what steps were taken to obtain the identified discovery.  Defendant served written discovery responses on May 22, 2025, asserting objections and indicating that certain materials would be produced pursuant to a protective order.  [Doc. No. 33-2] at 9.  Discovery remained open for more than eight months thereafter, including an approximately four-month extension granted by the Court at the parties' request.  During that time, Plaintiff did not move to compel discovery, seek Court intervention regarding Defendant's responses, or otherwise pursue available remedies to resolve the asserted discovery dispute.

While the Court is certainly skeptical of Defendant's conduct in failing to produce a *claim file* in an insurance dispute, the appropriate time for Plaintiff to challenge that conduct was at any point in the last eight months using the proper vehicle of a motion to

---

[2] Defendant states the claim file has since been produced to Plaintiff.  *See* [Doc. No. 23] at 4, n.1.

[3] The assumption that Plaintiff's declaration satisfies the first two prongs is tenuous, at best, given that Plaintiff's declaration fails to explain why Plaintiff, herself, cannot provide the documents and evidence necessary to establish the date(s) that she notified Defendant regarding the accident and small claims action.  *See Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (affirming denial of Rule 56(d) relief where affidavit failed to explain why the nonmovant could not supply evidence within its own possession or control, or what efforts were made to obtain such evidence from its own counsel).

compel. This is especially so given the language of the Court's Scheduling Order warns parties that "[i]f the deadline for dispositive motions and Daubert motions precedes the discovery deadline, the parties are expected to conduct any discovery necessary for such motions in advance of the motion deadline." [Doc. No. 12] ¶ 7. Plaintiff provides no explanation of why these disputes were not brought to the Court's attention months ago.

The purpose of Rule 56(d) is to protect parties who, despite diligent efforts, are unable to present essential facts in opposition to summary judgment. It does not operate to excuse a failure to timely pursue discovery or to raise discovery disputes while discovery remained open. The failure to pursue discovery until Defendant moved for summary judgment demonstrates a lack of diligence that necessitates a denial of the Rule 56(d) Motion. *Jensen,* 998 F.2d at 1554. Thus, the Court concludes that Plaintiff has not met her burden of demonstrating that the Court should defer ruling on Defendant's Motion for Summary Judgment or permit additional discovery.

### 2. Rule 37(c)

Plaintiff argues, and Defendant does not dispute, that Exhibits 4 and 9 to Defendant's Motion for Summary Judgment were not produced by Defendant in discovery. *See* Mot. [Doc. No. 33] at 11; Resp. [Doc. No. 23] at 1-2. Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." A district court has broad discretion to determine whether a Rule 26 violation is "substantially justified" or harmless, and the Tenth Circuit has set forth various factors to guide the

9

analysis. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

As an initial matter, the Court notes that Defendant does not cite *any* of the above standards or framework for analyzing a Rule 37(c) issue. Instead, Defendant argues in a conclusory fashion and without citation to authority that Plaintiff's alleged "possession or knowledge" of the exhibits somehow relieves Defendant of its discovery obligations under the Federal Rules of Civil Procedure. Not so. Defendant's Response conspicuously fails to explain why Exhibits 4 and 9 were not produced. *See* Resp. [Doc. No. 23]. Under these circumstances, the Court finds that Defendant has not shown that its failure to disclose Exhibits 4 and 9 is substantially justified or harmless under Rule 37(c)(1). The Court will not consider those exhibits in ruling on Defendant's Motion for Summary Judgment.

Relatedly, Plaintiff's Motion to Compel [Doc. No. 32] suggests that more exhibits beyond just Exhibits 4 and 9 were attached by Defendant without disclosing them to Plaintiff in discovery. *See, e.g.* [Doc. No. 32] at 2 (referencing exhibits 2, 5, 10, 16, and 17). Defendant's explanation seems, at least impliedly, to support that conclusion. [Doc. No. 23] at 2. Defendant appears to suggest—without citing any applicable authority—that because a document may be publicly available, a party does not have an obligation to produce it in discovery. "The Court is aware of no requirement that information be unavailable to the public in order to be discoverable." *Phillips v. Hanover Ins. Co.*, No. CIV-14-871-R, 2015 WL 1781873, at *2 (W.D. Okla. Apr. 20, 2015) (gathering cases where "[c]ourts consistently hold that parties have an obligation to produce even publicly available information"); *see also Martino v. Kiewit N.M. Corp.*, 600 Fed. Appx. 908, 911

10

(5th Cir. 2015) (explaining that "even if a document is publicly available or in the opposing party's possession, a party must still disclose it under Rule 26(a)(1)(A) to provide notice of evidence central to its claims or defenses"). To the extent that additional exhibits were attached to the summary judgment briefing without proper disclosures as governed by Rule 26 and Rule 37(c), then the Court is inclined to similarly not consider those exhibits in ruling on Defendant's Motion for Summary Judgment. Given that it is presently unclear which exhibits were not properly disclosed in discovery, the Court directs the parties to *meaningfully* meet and confer in-person or telephonically regarding the exhibits and submit a single joint notice informing the Court as to whether each exhibit was produced in discovery and if it were, by whom and when.

### 3. Remaining Requests for Relief in Motion to Defer Ruling

The Court notes that Plaintiff's Motion to Defer Ruling is fairly characterized to be numerous combined motions filed as one. In addition to the above-addressed requests for relief, Plaintiff's Motion also requests the Court compel discovery that Plaintiff claims she is entitled to and cites to Rule 37(d)(2)—the discovery sanction provision. [Doc. No. 33] at 12-13. Not only is combining multiple requests for relief in an omnibus motion prohibited under the local rules, *see* LCvR 7.1(c), but Plaintiff also failed to certify compliance with LCvR 37.1, which requires parties to meet and confer in person prior to filing a discovery motion, as well as Rule 37(d)(1)(B), which requires certification that the party moving for sanctions has conferred with the party failing to act. Accordingly, to the extent Plaintiff intends to use her Rule 56(d) motion as a vehicle to compel discovery or

11

impose sanctions, those requests are not properly before the Court and will not be considered.[4]

### B. Motion to Compel

Turning to Plaintiff's Motion to Compel, Plaintiff seeks an order that would require Defendant to "serve full and complete" discovery responses to Plaintiff, require production of all responsive, non-privileged documents, produce a privilege log, preclude Defendant from "relying on improperly withheld materials," and award Plaintiff sanctions pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure. Again, omnibus motions are not permitted in this district, *see* LCvR 7.1(c), and Plaintiff's Motion to Compel appears to largely re-tread many of the same arguments set forth in her Rule 56(d) Motion to Defer.

Plaintiff includes a certificate of compliance stating that Plaintiff's counsel attempted to meet and confer regarding the discovery disputes complained of in the Motion. *See* Mot. [Doc. No. 32] at 6-7. Plaintiff's counsel asserts that defense counsel refused to confer and attaches what is described as an "email exchange[] between counsel regarding these discovery issues." *Id.* A review of that correspondence does not support Plaintiff's characterization. [Doc. No. 32-7]. Rather, the email exchange concerns preparation of the pretrial report and *defense counsel's* request that Plaintiff produce documents identified therein. The correspondence makes no reference to the "boilerplate

---

[4] This ruling should not be construed as an endorsement of Defendant's conduct, as alleged by Plaintiff. The Court expects attorneys practicing before it to exercise reasonable diligence, professional courtesy, and faithful compliance with their discovery obligations. A failure to produce key documents—such as a claim file in an insurance dispute—certainly raises legitimate concerns. However, those concerns are not properly or timely raised in a Rule 56(d) Motion to Defer Ruling.

objections" or other discovery disputes raised in the Motion to Compel. Accordingly, Plaintiff has again failed to demonstrate meaningful compliance with LCvR 37.1 and Rule 37(a)(1) of the Federal Rules of Civil Procedure.[5] As such, Plaintiff's Motion to Compel is DENIED.[6]

### C. Motion to Extend Scheduling Order Deadlines

On February 6, Plaintiff filed an Unopposed Motion to extend all scheduling order deadlines by a period of four months. Plaintiff specifically seeks an extension of deadlines to "allow more time to complete discovery" and claims that "discovery is still ongoing." However, discovery is not ongoing as the deadline for discovery has passed and, therefore, Plaintiff's Unopposed Motion is untimely. *See* Sched. Order [Doc. No. 12] (discovery deadline of February 2, 2026). However, untimeliness does not, by itself, require denial. The controlling inquiry is whether the movant has shown diligence and good cause. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (explaining that lateness itself does not justify denial of a motion to amend scheduling order, but "undue" lateness does). Aside from time to complete discovery, Plaintiff's counsel also requests an extension due to having been recently informed that he will "need a second surgery within

---

[5] And again, Plaintiff is reminded that seeking sanctions under Rule 37(d) requires its own certification. *Id.*

[6] *See also Harvest Grp. LLC v. Love's Travel Stops & Country Stores, Inc.*, No. CIV-20-00435-JD, 2024 WL 4880747 (W.D. Okla. Nov. 25, 2024) (denying motion to compel for failure to comply with LCvR 37.1); *Smith v. C.R. Bard, Inc.*, No. CIV-19-00849-PRW, 2020 WL 13648610 (W.D. Okla. Nov. 4, 2020); *Jobson v. United States ex rel. Dep't of Veteran Affs.*, No. CIV-17-574-SLP, 2018 WL 8299886, at *6 (W.D. Okla. Aug. 27, 2018) (refusing to hear portion of motion that were not discussed in the meet and confer); *Taylor v. Boise Cascade Express, a Div. of Boise Cascade Off. Prods.*, No. CIV-04-0266-L, 2004 WL 7332758 (W.D. Okla. Dec. 14, 2004).

the next few months" which will require a period of two months recovery thereafter. [Doc. No. 35] at 2. Be that as it may, it is unclear to the Court why deadlines could not be met under a shorter timeframe in the weeks and months leading up to that surgery.

Regarding diligence, Plaintiff offers no explanation whatsoever as to the efforts taken to diligently comply with the deadlines. Nor does Plaintiff "provide an adequate explanation for the delay" in seeking relief. In fact, Plaintiff does not even address that the request is untimely or acknowledge that the deadlines have passed. *See Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (affirming district court's denial of a motion to amend under Rule 16(b) where the plaintiff "failed to even address the untimeliness of the motion" (internal quotations omitted)). Further, the Court's Amended Scheduling Order provides the following warning to parties regarding the sequencing of deadlines: "If the deadline for dispositive motions and Daubert motions precedes the discovery deadline, the parties are expected to conduct any discovery necessary for such motions in advance of the motion deadline." [Doc. No. 12] ¶ 7. Finally, when granting the parties' previous request for a four-month extension, the Court cautioned that "given the length of the extension, the Court does not anticipate granting further extensions absent compelling circumstances."

On this record, the Court cannot find that Plaintiff has demonstrated good cause to amend scheduling order deadlines pursuant to Rule 16(b)(4) because she has not provided an adequate explanation for the delay in order to show that she has been diligent in attempting to meet those deadlines. While the Court recognizes that this result may be harsh, "the Court must apply the Federal Rules of Civil Procedure, and they mandate that a scheduling order may only be modified for good cause." *Landon v. Winston Hosp., Inc.*,

14

No. 20-CV-01547-MEH, 2021 WL 463624, at *4 (D. Colo. Feb. 9, 2021); *see also Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (holding that if parties "could ignore court orders . . . without suffering the consequences, then the district court cannot administer orderly justice . . .").

Accordingly, the Unopposed Motion [Doc. No. 35] is DENIED to the extent it seeks an extension of scheduling order deadlines other than a continuance of trial.

### IV.    Conclusion

The record reflects a pattern of avoidable procedural missteps by both parties that has unnecessarily burdened the Court and impeded the orderly progression of this case. The Court will not continue to expend judicial resources addressing filings that fail to comply with governing procedural rules.  Any further requests for relief must be presented in strict compliance with the Federal Rules of Civil Procedure and this Court's Local Rules. Continued noncompliance will result in the summary disposition of filings and, as necessary, may result in the imposition of appropriate sanctions.

The Court is deeply troubled by the conduct of counsel and the clear lack of diligence to comply with the Court's orders or applicable rules.  The Court further notes in observing the recent filings, including copies of communications between the parties, that the tone and temperature of communications have become increasingly contentious and caustic.  The Court reminds the parties of its expectation that both parties will conduct themselves in a professional, cooperative, and civil manner.  The Court takes a dim view of any conduct to the contrary and in the event the parties' actions continue along this path or degrade further, that conduct will be addressed accordingly.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Defer Consideration of Defendant's Motion for Summary Judgment Under Rule 56(d) and Rule 37 [Doc. No. 33] is GRANTED IN PART and DENIED IN PART as follows:

1. Plaintiff's request that Exhibits 4 and 9 of Defendant's Motion for Summary Judgment [Doc. No. 18] be excluded from the Court's consideration pursuant to Rule 37(c)(1) is GRANTED.

2. Plaintiff's request to defer consideration of Defendant's summary judgment motion pursuant to Rule 56(d) is DENIED.

3. Any remaining requests for relief in the Rule 56(d) Motion to Defer such as requests to compel discovery or issue sanctions are not properly before the Court in this motion, and the Court declines to consider those requests.

IT IS FURTHER ORDERED that counsel for the parties shall *meaningfully* meet and confer in good faith in person or telephonically regarding the exhibits attached to Defendant's Motion for Summary Judgment and shall submit a single Joint Notice, limited to two pages, informing the Court as to whether each exhibit was produced in discovery and if it were, by whom and when, so that the Court may determine whether such exhibits should be excluded in consideration of the Motion for Summary Judgment pursuant to Rule 37(c). This Notice is not an invitation for the parties to submit more argument as the time to present argument has passed. The Joint Notice shall be submitted **no later than February 16, 2026.**

IT IS FURTHER ORDERED that Plaintiff shall file her Response to the Motion for Summary Judgment **no later than February 27, 2026**.  Defendant's Reply shall be filed in accordance with the timing set out in the Local Rules of Civil Procedure.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel [Doc. No. 32] is DENIED for noncompliance with LCvR 37.1.

IT IS FURTHER ORDERED that Plaintiff's Unopposed Motion to Extend All Deadlines and Continue Trial is GRANTED IN PART and DENIED IN PART such that the trial date is STRICKEN to be reset, if necessary, following resolution of the Motion for Summary Judgment but all other deadlines in the Amended Scheduling Order [Doc. No. 12] are unchanged and remain in effect.

IT IS FURTHER ORDERED that if attorney Dereck Owens is representing Plaintiff in this action, *see* [Doc. No. 34] at 12 (listing Mr. Owens with Mr. Hollaway in the signature block as "attorneys" for Plaintiff), then Mr. Owens shall enter his entry of appearance **no later than February 13, 2026**.

IT IS SO ORDERED this 10th day of February, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE